**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

O

**CIVIL MINUTES - GENERAL**

Case No. SACV 11-345 DOC (RNBx)                                           Date: November 29, 2011

Title: ANGELA LENT -V- JP MORGAN CHASE BANK, N.A., ET AL.

PRESENT:

**THE HONORABLE DAVID O. CARTER, JUDGE**

|  Julie Barrera  | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                                  NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER GRANTING DEFENDANT'S MOTIONS TO DISMISS SECOND AMENDED COMPLAINT AND VACATING HEARING

　　　　　Before the Court is Defendant Federal Home Loan Mortgage Corporation's ("Freddie Mac") Motion to Dismiss Plaintiff Angela Lent's ("Plaintiff") Second Amended Complaint ("SAC") (Dkt. 42). The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. Accordingly, the hearing set for December 5, 2011 at 8:30 a.m. is VACATED. After considering the moving, opposing and replying papers, and for the reasons stated below, the Court hereby GRANTS the Motion.

**I.     BACKGROUND**

　　　　　Plaintiff is a homeowner fighting to keep home. Plaintiff has made numerous attempts to secure modification of her home loan. Although one of Plaintiff's requested modifications was approved, the modification was canceled shortly after it was granted. Plaintiff brings claims against JP Morgan Chase Bank, N.A. ("JP Morgan"), Chase Home Finance LLC ("Chase Home"), Freddie Mac, and Cal-Western Reconveyance Corporation ("Cal-Western") for (1) declaratory relief, (2) injunctive relief, (3) quiet title, (4) breach of contract, (5) Real Estate Settlement Procedures Act (against JP Morgan only), and (6) negligent infliction of emotional distress (against JP Morgan only).

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. Dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1968 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In order for a complaint to survive a 12(b)(6) motion, it must state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). A claim for relief is facially plausible when the plaintiff pleads enough facts that, when taken as true, allow a court to draw a reasonable inference that the defendant is liable for the alleged conduct. *Id.* at 1949. If the facts only allow a court to draw a reasonable inference that the defendant is possibly liable, then the complaint must be dismissed. *Id.* Mere legal conclusions need not be accepted as true and do not establish a plausible claim for relief. *Id.* at 1950. Determining whether a complaint states a plausible claim for relief is a context-specific task requiring the court to draw on its judicial experience and common sense. *Id.*

## III. DISCUSSION

### A. Declaratory Relief

After a case is removed to federal court, "whether to grant declaratory relief becomes a procedural matter implicating the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201." *Lopez v. GMAC Mortgage Corp.*, No. C 07-3911 CW, 2007 WL 3232448, at *2 (N.D. Cal. Nov. 1, 2007). Under the DJA, a federal court may declare the rights and legal relations of parties to an actual case or controversy (i.e., the same requirement found under Article III). *Id.*

Plaintiff's declaratory relief claim alleges that JP Morgan told Plaintiff that if Plaintiff proved her ability to make six monthly payments, JP Morgan would remove Vance Lent, Plaintiff's ex-husband, from the mortgage. (SAC ¶ 45.) Plaintiff alleges that she complied with this requirement, but Vance Lent's name remains on the mortgage. (*Id.* ¶¶ 46-47.) Plaintiff seeks a declaration from the Court that Vance Lent's name be removed from the mortgage.

Freddie Mac argues that this claim should be dismissed as against Freddie Mac because the claim does not state any actual case or controversy as to Freddie Mac. (Mot. at 2.) Plaintiff responds that JP Morgan cannot remove Vance Lent from the mortgage without Freddie Mac's consent (Opp'n at 2), an allegation that is absent from the SAC.

Plaintiff's new argument is in apparent conflict with allegations in the SAC. As the declaratory relief claim is now pleaded, it raises a case or controversy only with respect to JP Morgan. Plaintiff alleges that *JP Morgan* agreed to remove the name, but did not. Plaintiff does not allege that JP Morgan's refusal was

based on lack of authority (e.g., Freddie Mac must approve, or non-compliance with Freddie Mac's procedures). Accordingly, the Court finds that Plaintiff does not state a plausible claim for declaratory relief with respect to Freddie Mac. This claim is dismissed without prejudice. Plaintiff may replead if she can allege facts supporting Freddie Mac's involvement or authority over the decision not to remove Vance Lent's name from the mortgage.

### B. Injunctive Relief

Plaintiff's second cause of action is for "Injunctive Relief." (SAC ¶¶ 53-55.) Plaintiff also seeks injunctive relief in her prayer for relief. (SAC at 10, ¶ 2 of prayer). To the extent Plaintiff seeks to assert injunctive relief as a distinct claim, this "claim" fails as a matter of law. "Injunctive relief is a remedy and not, in itself, a cause of action, and a cause of action must exist before injunctive relief may be granted." *Shell Oil Co. v. Richter*, 52 Cal. App. 2d 164, 168 (1942). This claim is dismissed with prejudice.

### C. Quiet Title

Freddie Mac argues that Plaintiff admits she does not have title to the property. (Mot. at 3.) Plaintiff does not oppose Freddie Mac's motion as to this claim. Accordingly, this claim is dismissed with prejudice as to Freddie Mac.

### D. Breach of Contract

To state a claim for breach of contract under California law, a plaintiff must allege: (1) the existence of a contract; (2) plaintiff's performance or excuse for nonperformance of the contract; (3) defendant's breach of contract; and (4) resulting damage. *Durell v.Sharp Healthcare*, 183 Cal. App. 4th 1350, 1367 (2010). Moreover, in order to sufficiently plead breach of contract, Plaintiff must plead the "contract either 'by its terms, set out verbatim in the complaint or a copy of the contract attached to the complaint and incorporated therein by reference, or by its legal effect.'" *N. County Commc'ns Corp. v. Verizon Global Networks, Inc.*, 685 F. Supp. 2d 1112, 1122 (S.D. Cal. 2010) (quoting *McKell v. Wash. Mut., Inc.,* 142 Cal. App. 4th 1457, 1489 (2006)). "In order to plead a contract by its legal effect, [Plaintiff] must 'allege the substance of its relevant terms.'" *Id*. (citing 4 Witkin, Cal. Pro. (4th Ed. 1997) Pleading § 480, p. 573).

Freddie Mac argues that Plaintiff's breach of contract claim is based on two home loan modification agreements, the "1st agreement" and the "2nd agreement," which were sent by JP Morgan to Plaintiff. (Mot. at 4.) Freddie Mac is not a party to these agreements. Freddie Mac argues that no contract is alleged between Plaintiff and Freddie Mac, and in any event, Plaintiff further fails to plead her performance (or excused nonperformance), breach by Freddie Mac, or damages. (*Id.*)

In opposition, Plaintiff contends that Freddie Mac is the owner of the note and JP Morgan is Freddie Mac's agent. (Opp'n at 3.) Plaintiff seeks to hold Freddie Mac liable on the 1st agreement and the 2nd agreement based on JP Morgan's actions as its purported agent. (*Id.*)

   The Court finds no allegations in the SAC supporting Plaintiff's new argument that JP Morgan is Freddie Mac's agent. Although Plaintiff alleges that Freddie Mac entered into Service Agreements with JP Morgan, making Freddie Mac the owner of certain loans and JP Morgan the servicer (SAC ¶¶ 40-42), this allegation is insufficient to support an agency theory. An claim premised on agency must allege that (1) the agent holds power to alter legal relations between the principal and a third person and between the principal and himself; (2) the agent is a fiduciary with respect to matters within the scope of the agency; and (3) the principal has right to control the conduct of the agent with respect to matters entrusted to him. *Buchanan v. Neighbors Van Lines*, No. CV 10-6206 PSG (RCx), 2010 WL 4916644, *3 (C.D. Cal. Nov. 29, 2010) (dismissing claim where plaintiff failed to plead elements of agency relationship). If Plaintiff wishes to rely on an agency theory, she must allege facts in support thereof; legal conclusions are insufficient. *Twombly*, 550 U.S. at 555. In addition, even assuming Plaintiff is able to sufficiently allege that Freddie Mac may be liable for breach of the 1st agreement and/or 2nd agreement under an agency theory, Plaintiff is not excused from pleading facts in support of breach, her performance or excused nonperformance, and damages.

## VI.  DISPOSITION

   For the reasons set forth above, the Court hereby GRANTS Defendant's Motion to Dismiss (Dkt. 42). The SAC is DISMISSED as to Freddie Mac. Plaintiff is granted leave to replead her first claim for relief (declaratory relief) and her fourth claim for relief (breach of contract) within fourteen days. Failure to amend by December 13, 2011 will result in dismissal with prejudice of these claims as to Freddie Mac.

   The Clerk shall serve this minute order on all parties to the action.